IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD J. SAUCIER**                                                              **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 1:12CV292HSO-RHW**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.    DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MISSISSIPPI DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS,  GRANTING JERRY WILLIAMS'S MOTION FOR SUMMARY JUDGMENT AND DENYING JERRY WILLIAMS'S MOTION TO DISMISS AS MOOT**

THIS MATTER COMES BEFORE THE COURT upon the Motion to Dismiss [9] filed October 26, 2012, by Defendant Mississippi Department of Corrections pursuant to FED. R. CIV. P. 12(b)(6).  Also before the Court is a Motion to Dismiss [11], or, in the Alternative for Summary Judgment [12] filed October 26, 2012, by Defendant Jerry Williams.  To date, Donald J. Saucier has not responded to the Motions.  The Court, having considered the pleadings on file and relevant legal authorities, finds that the Motion to Dismiss filed by the Mississippi Department of Corrections should be granted in part and denied in part, the Motion for Summary Judgment filed by Jerry Williams should be granted, and Jerry Williams's Motion to Dismiss should be denied as moot.

I.  FACTS AND PROCEDURAL HISTORY

Donald J. Saucier ["Plaintiff"] has been employed as a Correctional Officer with Defendant Mississippi Department of Corrections ["MDOC"] for twelve years

and is over the age of forty.  Defendant Jerry Williams ["Defendant Williams"] is Plaintiff's supervisor at MDOC.  Compl. [1] at p. 2.  According to the Complaint,

> [d]uring 2009 expressed interest in the position of Correctional Supervisor and is [sic] qualified for the position.  Williams was overheard saying that seniority would not be the primary factor in selecting the Correctional Supervisor.  Williams selected a thirty-one year old officer with less experience and not eligible for the job given the officer's time as a Correctional Officer.

*Id*.

After the Equal Employment Opportunity Commission ["EEOC"] issued a Right to Sue letter on June 28, 2012, Not. of Right to Sue Letter [1-2] att. as Ex. "1" to Pl.'s Compl., Plaintiff filed his Complaint in this Court on September 25, 2012, Compl. [1].  Plaintiff claims that Defendants, in denying him a promotion, violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*.  Compl. ¶¶ 20-22. Plaintiff also alleges that subsequent to his filing a grievance with MDOC and a complaint with the EEOC, he was subjected to retaliation in the form of changes in work assignments and times, and a reduction in overall time worked.  *Id*. Plaintiff seeks a transfer of position, back pay, attorneys' fees, and costs.

On October 26, 2012, Defendant MDOC filed a Motion to Dismiss asserting immunity under the Eleventh Amendment to the United States Constitution.  That same day Defendant Jerry Williams filed a Motion to Dismiss and a Motion for Summary Judgment asserting immunity as well as additional legal grounds for dismissal of Plaintiff's Complaint.  The deadline for Plaintiff to file responses to the

instant Motions was November 12, 2012. He did not respond. The Court entered a Show Cause Order on November 20, 2012, granting Plaintiff the opportunity to file responses on or before November 29, 2012. In that same Order, Plaintiff was advised that any failure to comply with the Court's Order could result in the dismissal of this action without further notice. The Court entered a second Show Cause Order [15] on March 28, 2013, which noted that on or about November 26, 2012, Plaintiff had contacted and represented to the Court that he was continuing to search for an attorney. The Order afforded Plaintiff one final opportunity to file Responses on or before April 8, 2013. To date, no Responses have been filed by Plaintiff.

## II. DISCUSSION

A.   Motion to Dismiss filed by MDOC

1.   Legal Standard

A motion to dismiss under FED. R. CIV. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). FED. R. CIV. P. 8(a) provides in relevant part that

> [a] pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" for his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)).

    2.   Analysis

MDOC moves for dismissal of Plaintiff's ADEA claims on the theory that due to its status as an "agency and arm of the State of Mississippi, as codified in §47-5-1, *et seq.* of the Mississippi Code of 1972, it enjoys the same immunity as the state itself . . . . and the State of Mississippi has not waived its sovereign immunity in the present context. " Def.'s Mem. in Supp. of Mot. to Dismiss [10] at p. 2. MDOC moves for dismissal of Plaintiff's Title VII on the grounds that Title VII does not provide a cause of action for discrimination based upon age. *Id*. at p. 5.

    a.   ADEA Claim

The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment bars citizens of a state from suing their own state or another state in suits in federal court." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013). This includes suits by a citizen of a state against his own state or against a state agency or department. "The Mississippi Department of Corrections is a department of the state of Mississippi and enjoys the same immunity as the state itself." *Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366, *3 (5th Cir. 2000) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). As an arm of the State of Mississippi, MDOC is entitled to immunity from Plaintiff's claims. Therefore, unless an exception to the general rule

applies, the Eleventh Amendment operates as a jurisdictional bar to Plaintiff's damages claims against MDOC. *See Brown v. Mississippi Department of Corrections*, 2008 WL 4960467, *5 (S.D. Miss. 2008); *Cox v. Mississippi Department of Corrections*, 2008 WL 2563356, *2 (S.D. Miss. 2008). "There are three possible exceptions to Eleventh Amendment immunity: (i) valid abrogation by Congress; (ii) waiver or consent to suit by the state; or (iii) the state's amenability to suit under the *Ex parte Young* doctrine." *Yul Chu v. Mississippi State Univ.*, 901 F. Supp. 2d 761, 773 (N.D. Miss. 2012). "Abrogation applies only if Congress has unequivocally expressed its intent to abrogate a state's sovereign immunity and is acting pursuant to a valid exercise of power." *Id.* at 77 (citing *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 55 (1996)).

In *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000), the United States Supreme Court determined that while Congress intended for the ADEA to be applicable to the states, it had exceeded its authority in this regard. "In light of the indiscriminate scope of the Act's [ADEA] substantive requirements, and the lack of evidence of widespread and unconstitutional age discrimination by the States, we hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment." *Id.* at 91. The Supreme Court concluded that Congress did not abrogate the states' sovereign immunity with respect to ADEA claims asserted against a state. *Id.* at 66.

With respect to the second exception to Eleventh Amendment immunity, MDOC submits that the State of Mississippi has not waived its sovereign immunity in this

case. The Fifth Circuit has held that

> the state of Mississippi expressly preserved its sovereign immunity to suit in federal court when it enacted the Mississippi Tort Claims Act. MISS.CODE. ANN. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts....").

*McGarry v. Univ. of Mississippi Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009).

Thus, the second exception does not apply in this case.

In *Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052 (5th Cir. 1998), the Fifth Circuit summarized the Eleventh Amendment immunity exception carved out by the United States Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), as follows:

> [t]o meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.,* 976 F.2d 966, 968 (5th Cir. 1992).

*Aguilar*, 160 F.3d at 1054.

Because MDOC is an agency and not an individual official, this exception is also not applicable. Based upon the foregoing, because MDOC is an agency and department of the State of Mississippi it is entitled to immunity from Plaintiff's ADEA claims for money damages.

        b.    <u>Title VII Claim</u>

MDOC seeks dismissal of Williams's Title VII claims on the grounds that Title VII does not provide a cause of action for age discrimination. Title VII provides that:

-7-

> It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e-2(a)(1).

MDOC is correct that a claim for age discrimination is not cognizable under Title VII. However, construing the Complaint liberally in favor of the *pro se* Plaintiff, as the Court must, it asserts a claim for retaliation. MDOC did not address Plaintiff's Title VII retaliation claim in its briefing. MDOC's Motion should be denied as to this claim.

B.  <u>Motion to Dismiss filed by Jerry Williams</u>

On October 26, 2012, Defendant Williams filed a Motion to Dismiss [11] and simultaneously filed a Motion for Summary Judgment [12] and Memorandum in Support [13]. In support of the latter Motion, Williams submitted the Affidavit of Christopher Epps [12-1]. In view of the present record, the Court will consider and decide the Motion for Summary Judgment and the Motion to Dismiss [9] should be denied as moot.

C.  <u>Motion for Summary Judgment filed by Jerry Williams</u>

    1.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "[i]f the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The purpose of summary judgment is to isolate and dispose of

factually unsupported claims or defenses. *Melton v. Teachers Ins. & Annuity Ass'n of America,* 114 F.3d 557, 560 (5th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co,* 671 F.3d 512, 516 (5th Cir. 2012)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp.*, 612 F.3d at 858. "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. "Rather, the party

opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

2. <u>Analysis</u>

Plaintiff's Complaint asserts a violation of Title VII of the Civil Rights Act, an ADEA claim, and a retaliation claim. In support of his claims, Plaintiff contends that:

> Williams in [sic] an [sic] supervising employee of MDOC and is given the authority by MDOC to hire, promote and terminate the employment of Saucier.
>
> Williams refused to promote Saucier into a Correctional Supervisor position despite Saucier's experience and skill in his position as a Correctional Officer.
>
> Instead, William placed a 31 year old in the position who did not have enough experience and who subsequently left her employment.
>
> Saucier has been discriminated in the conditions of his employment due Saucier's age.
>
> After Saucier filed a grievance and a complaint with the EEOC, MDOC and its employees have [sic] reduced the work hours of Saucier and otherwise negatively changed his work schedule and responsibilities.
>
> MDOC and its employees have done so because Saucier filed a grievance and a EEOC complaint.

Compl. [1] at pp. 2-3.

The ADEA and Title VII prohibit employers from retaliating against employees for engaging in statutorily protected activities. *See* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e–3(a). Defendant Williams moves for judgment as a matter of law on Plaintiff's claims on the following grounds: 1) there is no individual liability under

-10-

Title VII or the ADEA; and  2) Plaintiff's claims against Williams are barred by the Eleventh Amendment.  Def.'s Mot. for Summ. J. [13], at pp. 3, 5.

In support of the instant Motion, Defendant submits the Affidavit of MDOC Commissioner Christopher Epps which states in part that:

> [b]ased on the Commissioner's authority to employ or discharge employees as contained in Section 47-5-23 of the Mississippi Code of 1972, as amended, only the Commissioner of Corrections is authorized to promote an employee of the Mississippi Department of Corrections. Jerry Williams, as Deputy Commissioner for Community Corrections within the Mississippi Department of Corrections, is not authorized to promote a Mississippi Department of Corrections employee and could only recommend an employee for promotion.

Aff. of Christopher Epps [12-1], att. As Ex. "A" to Mot. for Summ. J.

    a.    <u>Eleventh Amendment Immunity</u>

Defendant Williams submits that because a state official must have power to perform the act required and because Williams, as a supervisor, lacked the power to promote Plaintiff, Plaintiff has failed to overcome the jurisdictional bar of the Eleventh Amendment.   Def.'s Def.'s Mem. in Supp. of Mot. for Summ. J. [13], at p. 6.

A suit against an employee in his official capacity is a suit against the entity of which the official is an agent. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989).  Defendant Williams argues that the *Ex Parte Young* exception to immunity is not applicable in this case because Williams lacks the authority to perform the act at issue, such that the Eleventh Amendment operates to bar Plaintiff's claims for relief.   The Court agrees that because the unrebutted evidence

-11-

established that Defendant Williams was not vested with the authority to hire, promote, or discharge Plaintiff, the Eleventh Amendment bars Plaintiff's recovery against Williams.

### b. ADEA Claim

The ADEA provides in pertinent part that:

> [i]t shall be unlawful for an employer to (1) fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age; (2) limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 623(a)(1) and (2).

The Fifth Circuit has determined that only employers and not individual supervisors may be held liable under the ADEA. In *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674 (5th Cir. 2001), summary judgment was affirmed in favor of the employer on the plaintiff's claims brought against an individual on the grounds that the ADEA "provides no basis for individual liability for supervisory employees." *Id.* at 686.

In the present case, the record demonstrates that MDOC is Plaintiff's employer and Defendant Williams was Plaintiff's supervisor. The evidence establishes that Defendant Williams was not the party ultimately responsible for employment decisions relating to Plaintiff. Based upon the foregoing authorities,

the Court is unable to discern a basis for holding Defendant Williams individually liable for Plaintiff's ADEA claims. Defendant Williams's Motion for judgment as a matter of law should be granted as to this claim.

        c.      Title VII Claim

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." *Id.* § 2-3(b). The law is well settled in the Fifth Circuit that "an essential element of proof in a Title VII claim is that the defendant sued is, in fact, an employer under Title VII." *Davis v. State Dep't of Health*, 744 F. Supp. 756, 762 (S.D. Miss. 1990). In *Stults v. Conoco, Inc.*, 76 F.3d 651 (5th Cir. 1996), the Fifth Circuit relied on *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir. 1994), in reaffirming that "an individual supervisor who does not otherwise qualify as an employer cannot be held liable for a violation of Title VII." *Stults,* 76 F.3d at 655.

Defendant Williams contends that because he is not Plaintiff's employer, he cannot be held personally liable under Title VII. He further argues that even if he were deemed to be an "agent" of his employer, the State of Mississippi, the Fifth Circuit does not interpret the statute as imposing liability for such a claim. Def.'s Mem. in Supp. of Mot. for Summ. J. [13] at p. 4. Defendant Williams relies upon *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258 (5th Cir. 1999), where the Fifth Circuit held that "a party may not maintain a suit against both an employer and its agent under Title VII." *Id*. at 262. Likewise, Plaintiff cannot maintain a Title VII claim against Defendant Williams in this case. *Id.*

Plaintiff's Complaint identifies Jerry Williams as a supervisor with MDOC and alleges that "Williams in [sic] an [sic] supervising employee of MDOC and is given the authority by MDOC to hire, promote, and terminate the employment of Saucier." Compl. [1], ¶ 18 at p. 2. Plaintiff has failed to present any evidence in opposition to the instant Motion to support his allegation that Defendant Williams was responsible for employment decisions, including the failure to promote him to Correctional Supervisor.

As this Court previously determined in its analysis of Plaintiff's ADEA claims, Christopher Epps's Affidavit establishes that Defendant Williams was not Plaintiff's employer. He is therefore unable to recover on his Title VII claims asserted against Defendant Williams. *Stults,* 76 F.3d 651; *see also Cutrer v. McMillan*, 2008 WL 2779306 (S.D. Miss. 2008); *Jordan v. Miss. State Dep't of Health*, 2007 WL 2344963 (S.D. Miss. 2007); *Windham v. Cardinal Health, Inc.*, 2006 WL 51185 (S.D. Miss. 2006). Any Title VII claim asserted against Defendant Williams should be dismissed.

### III.  CONCLUSION

After consideration of the record, the Court is of the opinion that the Motion to Dismiss filed by the Mississippi Department of Corrections [11] should be granted in part and denied in part, and the Motion for Summary Judgment [12] filed by Defendant Jerry Williams should be granted. Plaintiff's retaliation claim against MDOC under Title VII will proceed. Defendant Williams's Motion to Dismiss [11] will be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion to Dismiss [9] filed pursuant to FED. R. CIV. P. 12(b)(6), by Defendant Mississippi Department of Corrections on October 26, 2012, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's ADEA claim against MDOC is dismissed with prejudice. Plaintiff's claim against MDOC for retaliation under Title VII will proceed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion for Summary Judgment [12] filed pursuant to FED. R. CIV. P. 56, by Defendant Jerry Williams on October 26, 2012, is **GRANTED**. Plaintiff's claims against Defendant Williams are dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion to Dismiss [11] filed pursuant to FED. R. CIV. P. 12 (b)(6), by Defendant Jerry Williams on October 26, 2012, is **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED**, this the 30th day of August, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE