IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD J. SAUCIER | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:12cv292-HSO-RHW |
| | § | |
| MISSISSIPPI DEPARTMENT OF CORRECTIONS and JERRY WILLIAMS | § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment filed by Defendant Mississippi Department of Corrections [38]. Plaintiff Donald J. Saucier, who is proceeding *pro se*, has filed a Response [40], and Mississippi Department of Corrections has filed a Rebuttal [41]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that the Motion [38] should be granted and Donald J. Saucier's claims against Mississippi Department of Corrections should be dismissed with prejudice.

### I. BACKGROUND

In March 2003, Plaintiff Donald J. Saucier ("Plaintiff") was hired as a corrections officer by Defendant Mississippi Department of Corrections ("MDOC"). Dep. of Donald J. Saucier ("Saucier Dep.") 13:23-14:1 [38-1]. Plaintiff began his employment as a "Correctional Officer 1" and was promoted up the ranks to "Correctional Officer 4," at which time Plaintiff "maxed out." *Id*. at 16:6-15. Plaintiff was under the supervision of Defendant Jerry Williams ("Williams").

1

Compl. ¶¶ 5-7.  At some point in 2009, Plaintiff, who was fifty years old at the time, applied for a "Corrections Officer Supervisor" position, which had been vacant and would have been a promotion for Plaintiff.  *Id*. at ¶ 11; Charge of Discrimination, attached as Ex. "A-4" to Def.'s Mot. for Summ. J. [38-1].  MDOC eventually filled the position with a thirty-one year-old female corrections officer who Plaintiff believes was less qualified.  Compl. ¶ 13; Determination, attached as Ex. "B" to Def.'s Mot. for Summ. J. [38-2].

After submitting a grievance to the State Personnel Board on December 24, 2009 ("the Grievance"), and making a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 23, 2010, Plaintiff received a right to sue letter on June 28, 2012.  State Personnel Board Grievance Form, attached as Ex. "A-2" to Def.'s Mot. for Summ. J. [38-1]; Charge of Discrimination; Right to Sue Letter, attached as Ex. "A-6" to Def.'s Mot. for Summ. J. [38-1].  On September 25, 2012, Plaintiff filed the Complaint [1] in this case, alleging that Williams and MDOC, in denying him the promotion, violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 - 634 ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII").  Plaintiff also claims that subsequent to his filing the Grievance and EEOC charge, he was subjected to retaliation in the form of changes in assignments and times and a reduction in overall time worked.  Compl. ¶¶ 15, 24-27.

MDOC and Williams separately moved to dismiss [9] [11] Plaintiff's claims, with Williams also filing a Motion for Summary Judgment [12].  On August 30,

2013, the Court issued its Memorandum Opinion and Order [16] granting Williams' Motion for Summary Judgment [12] and dismissing Plaintiff's claims against Williams. The Court also granted in part and denied in part MDOC's Motion to Dismiss [9], dismissing Plaintiff's ADEA claim against MDOC but leaving undisturbed Plaintiff's Title VII retaliation claim because MDOC did not address that claim in its Motion [9]. Mem. Op. and Order 14-15 [16].

MDOC now moves for summary judgment as to Plaintiff's Title VII retaliation claim. Mem. in Supp. of Mot. for Summ. J. 1-2 [39]. MDOC reasons that Title VII does not afford protection against discrimination on the basis of one's age. *Id*. at 4. MDOC concludes that Plaintiff could not have engaged in activity protected by Title VII because both the Grievance and the EEOC charge were predicated solely on Plaintiff's contention that he was being discriminated against because of his age. *Id*. Plaintiff contends that he did, in fact, engage in protected activity by "filing [an] age discrimination grievance with the EEOC and . . . his employer, MDOC." Pl.'s Resp. to Def.'s Mot. for Summ. J. 5 [40]. Plaintiff further posits that he suffered adverse employment actions cognizable under Title VII in the form of receiving unfavorable employment evaluations, being subjected to an excessive amount of inmate insubordination, and being prevented from accessing a computer while at work. *Id*. at 6-7.

3

II. DISCUSSION

A. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law[, and an] issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at

248).  "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858.  "Rather, the party opposing summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

B.  Analysis

The antiretaliation provision of Title VII prohibits employers from discriminating against employees or job applicants on the basis that the individual opposed a practice made unlawful by Title VII or made a charge, testified, assisted, or participated in an investigation or proceeding under Title VII. *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (citing 42 U.S.C. § 2000e-3(a)).  "To prevail on [a] retaliation claim, [a plaintiff] must establish that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, (3) there was a causal connection between the two, and (4) the execution of a policy, custom, or practice of the city caused the adverse action." *Sharp v. City of Houston*, 164 F.3d 923, 932 (5th Cir. 1999) (citations omitted).

Plaintiff has not demonstrated that he engaged in "protected activity" as that term is applied.  "Complaints to employers that do not complain of conduct protected by Title VII do not constitute protected activities under the statute." *Williams v. Racetrac Petroleum, Inc.*, 824 F. Supp. 2d 723, 726 (M.D. La. 2010)

5

(quoting *Cavazos v. Springer*, No. Civ. A. B-06-058, 2008 WL 2967066, at *7 (S.D. Tex. Aug. 1, 2008)).  The sole basis of the Grievance and EEOC charge was Plaintiff's belief that he was being discriminated against because of his age.  Saucier Dep. 21:13-23:12.  Age discrimination, however, is not one of the unlawful employment practices prohibited by Title VII.  *See* 42 U.S.C. § 2000e-2(a)(1)-(2) (providing that the classes protected under Title VII are "race, color, religion, sex, or national origin").  Because Plaintiff has not demonstrated that he engaged in protected activity under Title VII when he complained of age discrimination, his Title VII retaliation claim fails as a matter of law.  *See, e.g.*, *Harris-Childs v. Medco Health Solutions, Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) (affirming summary judgment on retaliation claim where plaintiff never "specifically complained of racial or sexual harassment, only harassment"); *Moore v. United Parcel Serv., Inc.*, 150 F. App'x 315, 319 (5th Cir. 2005) (reasoning that the plaintiff did not engage in a protected activity because "his grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII").

      Even assuming Plaintiff engaged in protected activity under Title VII, Plaintiff has not produced competent summary judgment evidence that he suffered an adverse employment action sufficient to support a retaliation claim.  In the context of Title VII's antiretaliation provision, an adverse employment action "depends on whether the act was materially adverse, meaning that it would 'have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Anthony v. Donahoe*, 460 F. App'x 399, 404 (5th Cir. 2012)

(quoting *Burlington*, 548 U.S. at 68).  The Fifth Circuit Court of Appeals has determined that in a case where a plaintiff claimed that he was subjected to reprimands to which other employees were not and that he was transferred from one department to another as a result of his having made an EEOC charge, a claim for retaliation was precluded because the reprimands amounted to nothing more than trivial harms and the transfer did not affect the plaintiff's job rank or compensation.  *Harrison v. Corrections Corp. of America*, 476 F. App'x 40, 45-46 (5th Cir. 2012).  The Fifth Circuit has also found that an employee who claimed that personal items had been taken from her desk, that the locks on her office had been changed, that she was not allowed to close her office door, and that she was chastised by superiors, failed to establish that she suffered an "adverse employment action" because her "allegations [did] not rise to the level of material adversity but instead [fell] into the category of 'petty slights, minor annoyances, and simple lack of good manners' . . . that . . . are not actionable retaliatory conduct."  *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331-32 (5th Cir. 2009) (quoting *Burlington*, 548 U.S. at 68).

In opposing MDOC's Motion [38], Plaintiff claims that after submitting the Grievance, he received unfavorable evaluations, was subjected to an increased amount of inmate insubordination, and was at one time prevented from accessing a computer while on duty.[1]  Pl.'s Resp. to Def.'s Mot. for Summ. J. 6-7 [40].  The fact

---

[1] In addition to these arguments and the evidence Plaintiff submits supporting them, Plaintiff alleges in the Complaint that he was subjected to retaliation in the form of changes in assignments and times and a reduction in overall time worked.  Compl. ¶¶ 15, 24-27.  In opposing MDOC's Motion [38], Plaintiff does not offer evidence to support these allegations, which themselves

that Plaintiff was prevented access to a computer while on duty does not rise to the level of an "adverse employment action" cognizable under Title VII's antiretaliation provision. *See Stewart*, 586 F.3d at 331-32. Insofar as Plaintiff claims that he has received unfavorable evaluations, Plaintiff has not offered any evidence that these evaluations led to adverse changes in his job rank or compensation. This precludes the evaluations from being considered adverse employment actions under Title VII. *Harrison*, 476 F. App'x at 45-46. To the extent that Plaintiff claims he faced an increased amount of inmate insubordination, Plaintiff offers only speculation and conjecture that this increase was caused by his fellow employees encouraging the inmates to become more insubordinate towards him. "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden on a motion for summary judgment." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted). Plaintiff has not carried his summary judgment burden of demonstrating that he was subjected to an adverse employment action by MDOC. MDOC is therefore entitled to judgment as a matter of law on Plaintiff's retaliation claim.

---

are insufficient to defeat summary judgment. *Eason*, 73 F.3d at 1325. Assuming there were record evidence supporting these allegations, there is an additional lack of argument or evidence that any changes in Plaintiff's assignments or reduction in overall time Plaintiff worked had a "materially adverse" impact on Plaintiff or would dissuade reasonable workers from complaining of discrimination. *See Burlington*, 548 U.S. at 68 (noting that an employment action will constitute retaliation where the action is "materially adverse" or one that would "dissuade[] a reasonable worker from making or supporting a charge of discrimination"). Thus, even if Plaintiff's allegations related to changes in assignments or a reduction in overall time worked were cognizable summary judgment evidence, they would be insufficient, without more, to avoid summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has not carried his summary judgment burden with respect to his Title VII retaliation claim against MDOC. Summary judgment is appropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [38] filed by Defendant Mississippi Department of Corrections is **GRANTED**, and Plaintiff Donald J. Saucier's claims against Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 1st day of December, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE